UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE:

ROBERT P. LAROSE, JR.,

    Debtor.
_____/

KEY EQUIPMENT FINANCE, INC.,

    Plaintiff,

v.

ROBERT P. LAROSE, JR.,

    Defendant.
_____/

Case No.: 6:07-bk-03732-ABB
Chapter 7

Adv. Pro. No.: 6:07-ap-00184-ABB

**FILED**

**OCT 1 4 2008**

CLERK U.S. BANKRUPTCY,
ORLANDO DIVISION

## MEMORANDUM OPINION

This matter came before the Court on the Complaint (Doc. No. 1) and Motion for Summary Judgment (Doc. No. 28) filed by Key Equipment Finance, Inc., the Plaintiff herein ("Plaintiff"), seeking to have a debt owed by Robert P. Larose, Jr., the Debtor and *pro se* Defendant herein ("Debtor"), deemed nondischargeable pursuant to 11 U.S.C. Section 523(a)(2)(A).[1] A final evidentiary hearing was held on August 26, 2008 at which the Debtor, a representative of the Plaintiff, and counsel for the Plaintiff appeared. The parties were directed to submit closing briefs. The Plaintiff submitted a closing brief; no submission was made by the Debtor. The Plaintiff's Motion for Summary Judgment is moot due to a trial having been conducted on the Complaint.

---

[1] The Plaintiff failed to specify the subsection of 11 U.S.C. Section 523(a)(2) it bases its Complaint upon. It appears the Complaint is based upon Section 523(a)(2)(A).

The Court makes the following Findings of Fact and Conclusions of Law after reviewing the pleadings and evidence, hearing live testimony and argument, and being otherwise fully advised in the premises.

## FINDINGS OF FACT

The Debtor filed this individual Chapter 7 bankruptcy case on August 17, 2007. He set forth in his Statement of Financial Affairs he is the sole shareholder and President of Larose Enterprises, Inc. ("LEI"), a Florida Corporation formed by the Debtor in 2004. LEI's business is clearing and preparing parcels of real property for development. The Debtor utilizes heavy equipment in his business.

LEI sought to purchase a large truck with a loader, a "2006 Sterling LT9513 w/ Prentice Loader" VIN 2FZHAZCV76AV19249 ("Vehicle"), from the Plaintiff prepetition. The transaction was conducted by the Plaintiff through its agent V&H, Inc. Trucks. The sales price was $160,000.00 with a substantial portion of the sales price to be financed by the Plaintiff through a sixty-month loan. The Debtor, as President of LEI, completed and executed on September 13, 2005 an Approval Request Form seeking credit approval for the purchase from the Plaintiff.[2]

The Debtor disclosed in the Approval Request Form LEI had three shareholders and officers: (i) the Debtor, President, holding a fifty percent ownership interest; (ii) Virginia G. Larose, a/k/a Virginia G. Elmore ("Elmore"), the Debtor's former wife, Vice President, holding a twenty-five percent ownership interest; and (iii) Joshua L. Davis ("Davis"), the Debtor's former stepson and son of Elmore, Secretary, holding a twenty-

---

[2] Plaintiff's Ex. No. 1.

five percent ownership interest.³ The Debtor provided banking and trade references for LEI in the Approval Request Form.

The Plaintiff, based upon the information provided by the Debtor, approved a loan of $128,000.00 to be collateralized by the Vehicle. The Plaintiff, due to the start-up nature of LEI and its lack of credit history, required the execution of personal guarantees by the Debtor, Elmore, and Davis as LEI's three shareholders.⁴

The Debtor knew the Plaintiff required the execution of personal guarantees by each shareholder as a loan condition. The Debtor had requested the Plaintiff approve the loan with only the Debtor executing a personal guarantee and the Plaintiff denied such request.⁵

The Debtor, as President of LEI, executed a Vehicle Finance Agreement setting forth the terms of the loan and collateral description.⁶ The Vehicle Finance Agreement contains a Guaranty provision and signature blocks for Larose, Davis, and Elmore for execution as Guarantors. Each signature block contains a signature purporting to be the signature of Larose, Davis, and Elmore.

The Vehicle Finance Agreement was transmitted to the Plaintiff. The Plaintiff, believing all three guarantors had executed the Vehicle Finance Agreement and the signatures were authentic, funded the loan and delivered the Vehicle to the Debtor, which he accepted as President of LEI, on November 17, 2005.⁷

---

³ Id.
⁴ Plaintiff's Exh. Nos. 3, 4.
⁵ Id.
⁶ Plaintiff's Exh. No. 5.
⁷ Id. (Delivery and Acceptance Certificate).

3

The Plaintiff relied upon the executed Approval Request Form and Vehicle Finance Agreement and would not have issued the loan without the execution of personal guarantees by each of LEI's shareholders.

LEI defaulted on the loan and the Plaintiff repossessed the Vehicle on October 17, 2007. The Plaintiff issued Notices of Intent to Sell by Private Sale to LEI, the Debtor, Elmore, and Davis.[8] The Plaintiff sold the Vehicle at auction for $65,000.00 with net sale proceeds of $63,190.00.[9] The loan balance due and owing to the Plaintiff, after deduction of the sale proceeds, is $51,676.09.[10]

The Plaintiff received a letter from Davis stating he did not execute the Vehicle Finance Agreement and his signature is a forgery.[11] He presented signature samples reflecting the signature on the Vehicle Financial Agreement above his printed name does not match his signature. Davis filed a Fraudulent Document Information Form with the Alachua County Sheriff's Office on October 22, 2007 stating he did not execute the Vehicle Finance Agreement and listed the Debtor as the suspect of forgery.[12]

The Plaintiff filed the Complaint seeking the LEI loan balance be deemed nondischargeable pursuant to Section 523(a)(2)(A) of the Bankruptcy Code. The Plaintiff asserts the debt arose through the Debtor's forgery of Davis' signature on the Vehicle Finance Agreement and such forgery constitutes "false pretenses, false representations, and actual fraud."

Davis filed an Affidavit asserting he did not execute the Guaranty and did not at any time "expressly or impliedly consent or agree" to have his name "listed, used, or

---

[8] Plaintiff's Exh. No. 6.
[9] Plaintiff's Exh. No. 7.
[10] Plaintiff's Exh. No. 8.
[11] Plaintiff's Exh. No. 9.
[12] Plaintiff's Exh. No. 9.

4

signed as a Guarantor on the Agreement."[13] Davis was subpoenaed by the Plaintiff to testify at the trial, but was unable to attend due to a work emergency.

The Plaintiff deposed Davis on May 28, 2008 (Doc. No. 30) and the deposition transcript was admitted into evidence. Davis testified the signature appearing above his typed name in the Guaranty section of the Vehicle Finance Agreement is not his signature.[14] Davis testified he and the Debtor did not discuss the purchase of the Vehicle or including Davis as a guarantor of the LEI loan.[15] He did not authorize the Debtor to execute the Guaranty on Davis' behalf.[16] Davis was working in Miami for LEI for an extended of period of time when the Vehicle Finance Agreement was executed.[17]

Elmore confirmed she executed the Guaranty. She testified Davis' signature block was empty when she executed the Guaranty and Davis was out of town when the Plaintiff presented the Guaranty for execution. She is familiar with both the Debtor's and Davis' signatures and testified the signature in Davis' guarantee box is not his signature. She testified the Debtor admitted to her he forged Davis' name on the Guaranty. Her testimony was credible.

The Debtor executed the Guaranty individually. His signatures are consistent throughout the loan transaction documents and his bankruptcy papers. He asserted his Fifth Amendment rights at the trial. He presented no evidence.

The signature appearing in Davis' signature block on the Vehicle Finance Agreement is not Davis' signature. He did not execute the Guaranty. His signature was forged by the Debtor.

---

[13] Doc. No. 6 at ¶ 2.
[14] Doc. No. 30 at p. 14, ll.14-18.
[15] Id. at p. 19, ll.17-24; p. 26, ll. 2-5.
[16] Id. at p. 19, ll.17-24.
[17] Id. at p. 21.

5

The Plaintiff established the Debtor forged Davis' signature on the Vehicle Finance Agreement. Such forgery constituted a false representation made with the intent to deceive the Plaintiff. The Debtor knew the Plaintiff would not approve the loan without the execution of personal guarantees by Davis, Elmore, and the Debtor. He knew Davis had not agreed to guarantee the LEI loan and he had no authority to sign the Guaranty on Davis' behalf.

The Plaintiff relied on the executed Vehicle Finance Agreement believing each shareholder of LEI had executed the Guaranty provision. It issued the loan and delivered the Vehicle to LEI as a result of its reliance on the Vehicle Finance Agreement. Its reliance was justifiable. The Plaintiff sustained a loss of $51,676.09 as a result of the Debtor's intentional misrepresentation. The Debtor is individually liable for this loss pursuant to his execution of the Guaranty contained in the Vehicle Finance Agreement.

The Plaintiff established by a preponderance of the evidence the nondischargeability elements of Section 523(a)(2)(A) of the Bankruptcy Code. The indebtedness owed by the Debtor to the Plaintiff is nondischargeable.

## CONCLUSIONS OF LAW

The party objecting to the dischargeability of a debt has the burden of proof and the standard of proof is preponderance of the evidence. Grogan v. Garner, 498 U.S. 279, 291 (1991). Exceptions to discharge "should be strictly construed against the creditor and liberally in favor of the debtor." Schweig v. Hunter (In re Hunter), 780 F.2d 1577, 1579 (11th Cir. 1986).

The Plaintiff asserts the LEI loan balance should be excepted from discharge pursuant to 11 U.S.C. Section 523(a)(2)(A). Section 523(a)(2)(A) provides a discharge

6

pursuant to Section 727 does not discharge an individual from any debt "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—"

> (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.

11 U.S.C. § 523(a)(2)(A) (2007).

A plaintiff must establish the traditional elements of common law fraud to prevail in a Section 523(a)(2)(A) action. SEC v. Bilzerian (In re Bilzerian), 153 F.3d 1278, 1281 (11th Cir. 1998). A plaintiff must establish: (i) the debtor made a false representation to deceive the creditor; (ii) the creditor relied on the misrepresentation; (iii) the reliance was justified; and (iv) the creditor sustained a loss as a result of the misrepresentation. Id.; Fuller v. Johannessen (In re Johannessen), 76 F.3d 347, 350 (11th Cir. 1996). The objecting party must establish each of the four elements of fraud by a preponderance of the evidence. Grogan, 498 U.S. at 291; In re Wiggins, 250 B.R. 131, 134 (Bankr. M.D. Fla. 2000).

The cornerstone element in a Section 523(a)(2)(A) nondischargeability proceeding is a misrepresentation made with the intent to deceive the creditor. A creditor cannot establish non-dischargeability pursuant to Section 523(a)(2)(A) without proof of reliance on intentional misstatements by the debtor. City Bank & Trust Co. v. Vann (In re Vann), 67 F.3d 277, 280 (11th Cir. 1995).

The reliance upon the debtor's false representation must be justified. Field v. Mans, 516 U.S. 59, 73-75 (1995) (establishing Section 523(a)(2)(A) requires justifiable reliance rather than the former standard of reasonable reliance); In re Vann, 67 F.3d at 283-84 (adopting "justifiable reliance" as the applicable standard of reliance). A plaintiff

7

must establish a causal link between the debtor's misrepresentation and the resulting loss sustained by the plaintiff. Lightner v. Lohn, 274 B.R. 545, 550 (M.D. Fla. 2002).

The Plaintiff established the Debtor forged Davis' signature on the Vehicle Finance Agreement. Such forgery constituted a false representation made by the Debtor with the intent to deceive the Plaintiff. The Debtor knew the Plaintiff would not approve the loan without the execution of personal guarantees by Davis, Elmore, and the Debtor. He knew Davis had not agreed to guarantee the LEI loan and he had no authority to sign the Guaranty on Davis' behalf.

The Plaintiff relied on the executed Vehicle Finance Agreement believing each shareholder of LEI had executed the Guaranty provision and the signatures were authentic. It funded the loan and delivered the Vehicle to LEI in reliance on the Vehicle Finance Agreement. Its reliance was justifiable. The Plaintiff sustained a loss of $51,676.09 as a result of the Debtor's intentional misrepresentation. The Debtor is individually liable for the Plaintiff's loss pursuant to his execution of the Guaranty.

The Plaintiff established by a preponderance of the evidence the nondischargeability elements of 11 U.S.C. Section 523(a)(2)(A). The indebtedness owed by the Debtor to the Plaintiff is nondischargeable.

Accordingly, it is

**ORDERED, ADJUDGED and DECREED** that the Plaintiff's Motion for Summary Judgment is moot.

A separate Judgment in favor of the Plaintiff and against the Debtor consistent with these Findings of Fact and Conclusions of Law shall be entered contemporaneously.

Dated this 14th day of October, 2008.

ARTHUR B. BRISKMAN
United States Bankruptcy Judge